(No. 35489.—

MIEHLE PRINTING PRESS AND MANUFACTURING COMPANY, Appellee, *vs.* THE DEPARTMENT OF REVENUE, Appellant.

*Opinion filed January 22, 1960.*

GRENVILLE BEARDSLEY, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, A. ZOLA GROVES, and SAMUEL A. KANTER, Assistant Attorneys General, of counsel,) for appellant.

SIDLEY, AUSTIN, BURGESS & SMITH, of Chicago, (WILLIM H. AVERY, MIDDLETON MILLER, and EMERSON T. CHANDLER, of counsel,) for appellee.

Mr. CHIEF JUSTICE HOUSE delivered the opinion of the court:

The issue presented by this appeal is whether the plaintiff can be assessed under the provisions of section 2 of the Retailers' Occupation Tax Act, (Ill. Rev. Stat. 1959, chap. 120, par. 441,) for the sale of fifty imported printing presses. A deficiency assessment of $26,172.60 was im-

posed against the plaintiff by the Department of Revenue, and upon judicial review by the circuit court of Cook County the assessment was reversed and cancelled. Appeal is directed to this court because the case involves the public revenue and a constitutional question.

The facts are not in dispute. Plaintiff imported fifty printing presses from European manufacturers and sold them to its Illinois customers. The presses were shipped by ocean-carrier from European ports to Calumet Harbor, Illinois. The sales were consummated upon delivery of the presses to the plaintiff's customers at the Calumet Docks. The customers, at their own risk and expense, transported the presses in the original and unopened crates to their plants in Illinois.

Plaintiff applied the retailers' tax to the sale price when it sold the first of the fifty presses, but the customers objected to the application of the tax. The plaintiff then sought a ruling from the Revenue Department's supervisor of rules and regulations in Chicago, who is also its legal officer there. He ruled that the sale was not subject to tax under section 2 of the Retailers' Occupation Tax Act. Relying on this ruling, plaintiff reduced its price to this customer and thereafter treated all fifty sales as exempt from the tax. Three years later, this deficiency tax was assessed.

Section 2 of the Retailers' Occupation Tax Act provides that the tax is not imposed on any business which may not be made the subject of taxation by this State under the constitution and statutes of the United States.

Section 10 of article I of the Federal constitution provides, "No State shall, without the Consent of the Congress, lay any Imposts or Duties on Imports or Exports, except what may be absolutely necessary for executing its inspection Laws."

Defendant first contends that a tax on the privilege of engaging in business measured by the gross receipts from

the business has, on many occasions, been held valid under the Federal constitution by the United States Supreme Court. The cases defendant cites, however, deal with the commerce clause of the Federal constitution. (U. S. Const. art. I, sec. 8.) The Supreme Court has rejected any attempts to have interstate commerce concepts applied to goods in foreign commerce. *Richfield Oil Corp.* v. *State Board of Equalization,* 329 U. S. 69, 91 L. ed. 80.

The landmark case on the construction to be given the import-export clause is *Brown* v. *Maryland,* 12 Wheat. 419, 6 L. ed. 678. It was held in that case that the importer who has paid the import duties on goods intended for sale may sell the goods free from State taxation so long as the goods are in the original package. Mr. Chief Justice Marshall, speaking for the court, rejected the argument that while a State could not tax imports, it could tax the privilege of selling imports, when he said: "All must perceive that a tax on the sale of an article, imported only for sale, is a tax on the article itself. * * * So, a tax on the occupation of an importer is, in like manner, a tax on importation." (12 Wheat. at 444.) The Supreme Court still adheres to this view. *Richfield Oil Corp.* v. *State Board of Equalization,* 329 U. S. 69.

The fact that the tax is measured by gross receipts of the business does not make the tax any less objectionable. In *Crew Levick Co.* v. *Pennsylvania,* 245 U. S. 292, 62 L. ed. 295, the Supreme Court held that the gross receipts from goods sold in foreign commerce could not be used to determine a State business tax measured by a percentage of the gross receipts of the business because it amounted to a duty on exports. This principle was followed in the *Richfield Oil case.*

The defendant also contends that the fifty presses do not have an import status because they have been sold by the importer. The Supreme Court has consistently held that imported articles retain their import status until they

are sold, removed from the original package, or put to the use for which they are imported. (*Hooven & Allison Co. v. Evatt,* 324 U. S. 652, 89 L. ed. 1252.) Although the imports lose their immunity from State taxation after being sold by the importer, that sale or the gross receipts from that sale are not taxable. *Richfield Oil Corp.* v. *State Board of Equalization,* 329 U. S. 69.

The defendant lays great stress on the recent opinion in *Youngstown Sheet & Tube Co.* v. *Bowers,* 358 U. S. 534, 3 L. ed. 2d 490, (consolidated with *United States Plywood Corp.* v. *City of Algoma,*) and seems to suggest that the Supreme Court has adopted a new construction for the import-export clause. Some of the language in the majority opinion in the consolidated case may lead some persons to this belief. (See dissenting opinion, *Youngstown Sheet & Tube Co.* v. *Bowers.*) The appropriate answer to defendant's suggestion seems to be, however, that, "While the rule announced in Brown v. Maryland has at times been severely criticized [citations], and has in some cases been narrowly restricted in its application, it has been, and still is the general rule of decision in this Court, as regards imports for sale from foreign countries." (Dissenting opinion, *Hooven & Allison Co.* v. *Evatt,* 324 U. S. 652, 688.) The recent consolidated case cited by defendant did not involve imported goods held for sale, but both involved goods in the hands of importers who planned to use the goods. There is nothing to indicate that the Supreme Court has changed the view it has taken with regard to imports held for sale.

We are of the opinion that the final assessment by defendant upon the fifty sales of imported presses in the original package is contrary to the Federal constitution and section 2 of the Retailers' Occupation Tax Act. The decree of the circuit court of Cook County is, therefore, affirmed.

*Decree affirmed.*